We find the following facts:

1. That the merchandise in question consists of huaraches exported from Mexico on February 26, March 10, and March 19, 1943.

2. The huaraches in question were appraised on the basis of shipments of huaraches made by the same seller to a different importer.

On the basis of the record before us, we conclude as a matter of law:

1. That the appellees (plaintiffs below) have failed to prove a value for the merchandise herein other than the appraised values.

2. That the proper basis of appraisement of the huaraches here in question is export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, and that such export values are the appraised values.

The judgment of the court below is reversed. Judgment will issue accordingly.

### DISSENTING OPINION

MOLLISON, Judge: I must respectfully dissent from the opinion and judgment of my colleagues. I am of the opinion that the record evidence warrants an affirmance of the trial court's findings and judgment.

R. GSELL & CO., INC., ET AL. v. UNITED STATES

No. 7893.

Entry No. 704037, etc.

(Decided October 13, 1950)

*Lane, Young & Fox (William H. Fox of counsel) for the plaintiffs.*
*David N. Edelstein, Assistant Attorney General, for the defendant.*

LAWRENCE, Judge: It has been agreed between the parties hereto that the issues herein relating to the merchandise the subject of these appeals are the same in all material respects as those decided in *United States v. Gothic Watch Co.*, 23 Cust. Ct. 235, Reap. Dec. 7712, affirming the judgment in *Gothic Watch Co. v. United States*, 19 Cust. Ct. 309, Reap. Dec. 7438, and that the record in Reap. Dec. 7712, *supra*, may be incorporated herein.

Upon the agreed facts, I find that the attempted appraisement embodied in the second return of value by the appraiser of the merchandise covered by each of the appeals for reappraisement enumerated in the annexed schedule, which is marked "A" and made a part of this decision, was illegal, null, and void, and that the appraiser's original return of value in each case, as reported by him to the collec-

tor of customs, constituted his appraisal of the merchandise pursuant to section 500 of the Tariff Act of 1930 (19 U. S. C. § 1500), and was final and conclusive in the absence of any appeal pursuant to section 501 of said act (19 U. S. C. § 1501).

Judgment will be entered accordingly.

MAX LANDAU & CO. ET AL. *v.* UNITED STATES

No. 7894.

Entry No. 712892, etc.

(Decided October 20, 1950)

*Lane, Young & Fox* (*William H. Fox* of counsel) for the plaintiffs.
*David N. Edelstein,* Assistant Attorney General, for the defendant.

LAWRENCE, Judge: It has been agreed between the parties hereto that the issues herein relating to the merchandise the subject of these appeals are the same in all material respects as those decided in *United States* v. *Gothic Watch Co.*, 23 Cust. Ct. 235, Reap. Dec. 7712, affirming the judgment in *Gothic Watch Co.* v. *United States*, 19 Cust. Ct. 309, Reap. Dec. 7438, and that the record in Reap. Dec. 7712, *supra,* may be incorporated herein.

Upon the agreed facts, I find that the attempted appraisement embodied in the second return of value by the appraiser of the merchandise covered by each of the appeals for reappraisement enumerated in the annexed schedule, which is marked "A" and made a part of this decision, was illegal, null, and void, and that the appraiser's original return of value in each case, as reported by him to the collector of customs, constituted his appraisal of the merchandise pursuant to section 500 of the Tariff Act of 1930 (19 U. S. C. § 1500), and was final and conclusive in the absence of any appeal pursuant to section 501 of said act (19 U. S. C. § 1501).

Judgment will be entered accordingly.

L. A. SCHWOB ET AL. *v.* UNITED STATES

No. 7895.

Entry No. 36143, etc.

(Decided October 23, 1950)

*Lane, Young & Fox* (*William H. Fox* of counsel) for the plaintiffs.
*David N. Edelstein,* Assistant Attorney General, for the defendant.